**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES A. MCPHETERS, | No. 08-35708 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00137-BLW |
| v. | |
| CITY OF BOISE; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

James A. McPheters appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action with prejudice for failure to state a claim

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

EN/Research

pursuant to 28 U.S.C. § 1915(e)(2). We have jurisdiction under 28 U.S.C. § 1291.

We review de novo, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998)

(order), and we affirm.

The district court properly concluded that McPheters did not acquire title to

the property at issue by adverse possession because the record shows that he did

not meet the requirements for adverse possession under Idaho law. *See* Idaho Code

Ann. § 5-210 (2001).

The district court properly dismissed McPheters's Fourth Amendment claim

because he was not legitimately on the premises at the time of the alleged search

and seizure. *See United States v. Cunag*, 386 F.3d 888, 893 (2004) (stating that

"when an individual is not legitimately on the premises, he does not enjoy the

protection afforded by the Fourth Amendment").

The district court properly dismissed McPheters's due process claim because

the State of Idaho provides an adequate post-deprivation remedy. *See* Idaho Code

Ann. § 6-901 *et seq*.; *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (deprivation of

property does not constitute a due process violation when a post-deprivation state

remedy is available).

The district court properly dismissed McPheters's action without leave to amend because amendment of the complaint would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000).

McPheters's remaining contentions are unpersuasive.

**AFFIRMED**.